UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

William Hill,                                    Case No. 5:06-cv-185

    Petitioner,

v.                                               **MEMORANDUM AND ORDER**

Secretary, Department of Corrections,
Florida Attorney General,

    Respondents.

---

This matter is before the Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. For the reasons that follow, the Petition is denied.

**BACKGROUND**

In 2003, Petitioner William Hill pled guilty in Florida state court to sexual battery and lewd and lascivious conduct with a minor. He was sentenced to 21 years in prison, two years of community control, and a life term of sex offender probation.

Hill appealed his conviction and sentence, and the Florida Fifth District Court of Appeal affirmed per curiam. Hill v. State, 865 So. 2d 512 (table) (Fla. Dist. Ct. App. 2004). Hill then filed for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Hill's 3.850 motion contended that his plea was involuntary due to his counsel's "misadvice" and alleged ineffective assistance of counsel. The trial court held an evidentiary hearing before denying Hill's claims in their entirety. This evidentiary hearing gives rise to the

contentions in the instant Petition.

The Petition raises two grounds for relief. First, Hill contends that the trial court abused its discretion in not continuing the evidentiary hearing to allow Hill to retain counsel for the hearing. Although not entirely clear, Hill apparently claims that this failure constituted a violation of his right to due process. Second, Hill argues that the trial court disregarded facts adduced at the evidentiary hearing and acted in a biased manner in denying Hill's postconviction motion, apparently also in violation of Hill's due process rights.

**DISCUSSION**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") strictly limits a federal court's power to review habeas petitions brought by state-court prisoners. In particular, AEDPA restricts the Court's review to state-court adjudications of the direct appeal or postconviction motion that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The habeas statute requires that a habeas petitioner present his claims to the state court prior to raising those claims in a federal habeas petition. "A petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claims violations of his federal rights." Jiminez v. Fla. Dep't of Corrections, 481 F.3d 1337, 1342 (11th Cir. 2007). Thus, "[i]f a petitioner has not exhausted all claims in a

2

petition, a federal court must dismiss without prejudice both exhausted and unexhausted claims to allow petitioner to return to state court to exhaust state remedies for all claims." Id.

## A.     Exhaustion of Remedies

The state contends that Hill failed to exhaust either of his claims and that these claims are thus procedurally barred. The record shows that Hill raised in his second postconviction petition the trial court's failure to allow him time to retain counsel for the evidentiary hearing. Thus, this claim is not barred. However, Hill did not raise before any state court the contention that the trial court ignored relevant evidence and was biased against him. This claim is therefore barred. Because the allegations supporting Hill's two claims are substantively intertwined, however, the Court will address the merits of both claims.

## B.     Failure to Appoint Counsel

Although not couched as such, the gist of Hill's Petition is that the trial court should have either appointed counsel for him in the evidentiary hearing or granted a continuance of the proceeding to allow Hill to find a lawyer. It is well settled that there is no right to counsel in postconviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (finding "no underlying constitutional right to appointed counsel in state post-conviction proceedings"). Hill argues not that he was constitutionally entitled to an attorney at the evidentiary hearing, but that the trial court failed to appropriately apply Florida's standards for whether to appoint counsel in collateral proceedings. See Graham v. Florida, 372 So. 2d 1363, 1366 (Fla. 1979). In Graham, the Florida Supreme Court directed lower

courts to consider four factors when determining whether to appoint counsel in a postconviction proceeding: the adversary nature of the hearing, the complexity of the issues, the need for a hearing, and the need for substantial legal research. Id. Hill's argument here is that the trial court should have determined under Graham that he was entitled to a hearing.

As an initial matter, it is likely that this claim is not cognizable in a federal habeas proceeding. Section 2254 limits this Court's jurisdiction to allegations that a state-court decision was contrary to federal law, not that it was contrary to state law. 28 U.S.C. § 2254(d) ("An application for a writ of habeas corpus . . . shall not be granted . . . unless the [state-court] adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law . . . .") (emphasis added). Hill's claim, that the trial court violated state law, is not a federal claim.

To the extent that Hill contends that the trial court's evaluation of the Graham factors resulted in a denial of his due process rights, and thus violated federal law, this contention has no merit. The trial court determined that the issues presented by the evidentiary hearing, namely Hill's allegations of ineffective assistance of counsel at trial, were not so complex as to require the appointment of an attorney. Hill has not established that this determination was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2). Thus, his request for habeas corpus relief fails.

C.   **Ineffective Assistance of Counsel**

Hill contends that the trial court erred in determining that Hill's counsel did not render

4

ineffective assistance of counsel at trial. Hill also argues that the trial court denied his postconviction motion because that court was biased against him.

Hill can succeed on this claim only if he can show that the trial court's determination of the facts was unreasonable. 28 U.S.C. § 2254(d). Thus, he must establish that his trial counsel was ineffective and that it was unreasonable of the trial court to conclude otherwise. "Ineffective assistance of counsel can be grounds for challenging a conviction if counsel's performance was so egregious that it rendered the trial fundamentally unfair. Damron v. Florida, No. 8:07-cv-2287, 2009 WL 1514269, at *2 (M.D. Fla. May 29, 2009) (citing Strickland v. Washington, 466 U.S. 668, 701 (1984)). Hill bears the burden to prove "that his counsel's performance was objectively unreasonable by professional standards and that he was prejudiced as a result of the poor performance." Id. (citing Strickland, 466 U.S. at 687-88). To show prejudice, Hill "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (quotations omitted). Moreover, "[t]here is a strong presumption that an attorney's conduct fell within the 'wide range of professional norms,' and anything that 'might be considered sound trial strategy' will generally not prove counsel ineffective. Damron, 2009 WL 1514269, at *2 (quoting Strickland, 466 U.S. at 689).

According to Hill, his trial counsel testified at the evidentiary hearing that she did not do any independent investigation into the allegations against him, but merely accepted the state's witness's investigation. He argues that medical experts could have testified that the victim in the case was not sexually abused, contrary to what his attorney described as the

5

"overwhelming" evidence of sexual abuse. (App. Ex. J at 98.) He contends that if his counsel had properly investigated the allegations, she would not have recommended that he plead guilty and he would not have pled guilty. He asks the Court to allow him to withdraw his plea.

The trial court found that Hill's counsel acted professionally and competently in representing him, that she performed sufficient investigation, including deposing the victim and hiring a psychiatric expert to evaluate the voluntariness of Hill's taped confession. In other words, the trial court determined that Hill's counsel's "performance was [not] so egregious that it rendered the trial fundamentally unfair." <u>Damron</u>, 2009 WL 1514269, at *2. Indeed, the trial court determined that counsel had ably and effectively represented Hill.

The Court's review of the evidence affirms the trial court's decision. Hill's counsel was faced with a very difficult case: her client had confessed to the crime, the victim had not wavered in her statement that Hill was the perpetrator, and the medical evidence that the victim had been sexually abused was very strong. The fact that counsel decided to use Hill's resources to challenge the voluntariness of his confession rather than to challenge whether the victim had been sexually abused is a matter of strategy, not ineffective assistance. Moreover, Hill cannot show that the result of the proceeding would have been different if his counsel had decided to hire an expert to challenge the medical evidence. At most, he alleges that a medical expert might have found the victim's injuries to have been caused by something other than sexual abuse. This is not enough to establish by a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding

would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002). Hill has failed to establish that his attorney rendered ineffective assistance and his claim must be dismissed.

Similarly, Hill has failed to establish that the trial court was in any way biased against him. Because he did not raise this claim in his appeal from the denial of his 3.850 petition, it is not exhausted and he is precluded from raising it here. Even if the claim was exhausted, however, it fails on the merits. The record reflects that the trial court treated Hill with courtesy, fully considered his arguments, and attempted to explain the result to Hill. There is no evidence of any bias whatsoever.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

2. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated:   September 15, 2009

    *s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge